COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE CITY OF EL PASO, | § | No. 08-08-00316-CV |
| Appellant, | § | Appeal from the |
| v. | § | 243rd Judicial District Court |
| | § | |
| IRENE GRANADOS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2007-589) |
| | § | |

**O P I N I O N**

The City of El Paso (the "City") appeals from an order denying its plea to the jurisdiction

and motion for summary judgment. Appellee, is a former city employee who filed the underlying

suit alleging sexual discrimination and retaliation. The City contends the trial court lacks

jurisdiction over the suit because Ms. Granados failed to timely initiate, and did not exhaust her

administrative remedies prior to filing suit.

Irene Granados worked as an assistant route foreman for the City's Waste Management

Department from June of 2000, until February 9, 2005. On that day, Ms. Granados received a

"Notice of Separation." The first page of the Notice provided:

> THIS IS TO NOTIFY YOU THAT YOUR EMPLOYMENT WITH THE CITY
> OF EL PASO IS HEREBY TERMINATED EFFECTIVE: <u>February 9, 2005</u>
>
> THE FOLLOWING ARE THE STATUTORY REASONS OR GROUNDS AND
> SPECIFICATIONS OF FACTS WHICH HAVE NECESSITATED THIS
> ACTION:
>
> **<u>CHARGES:</u>**

THE CITY OF EL PASO, TEXAS CIVIL SERVICE COMMISSION CHARTER PROVISIONS AND RULES, REGULATIONS AND ORDINANCES PROVIDE:

**CITY CHARTER - ARTICLE VI - Civil Service**

SECTION 6.13-2, DISCHARGE OF PERMEANT EMPLOYEES
The appointing authority or the head of the department in which an employee is serving may, for any cause defined below or further defined in the Rules, discharge, suspend or reduce rank or position [sic] any permanent employee.

SECTION 6.13-3, CAUSES OF SUSPENSION, REDUCTION OR DISCHARGE
The following, as further defined by the Rules, may constitute causes for discharge, suspension or reduction in grade of permanent employees:

G.  Negligence in care of City property.
N.  For just cause.

The Notice continued by specifying several instances when Ms. Granados was disciplined for failure to follow her supervisors orders, incurring unauthorized overtime, damaging equipment, and conducting personal business during working hours.  She received a total of eight days suspension for these incidents.  The final incident occurred on January 4, 2005.  The Notice states this was the third incident requiring disciplinary action in three months; warranting her termination.  The final provision of the Notice stated:

> You have thirty (30) days from the date of notification to appeal this action to the Civil Service Commission.  The City reserves the right to alter or amend these charges and/or specifications at a later date.

Ms. Granados choose to file an appeal to the Civil Service Commission.  The Civil Service Commission upheld the City's decision in a final decision issued on October 13, 2005. On November 4, 2005, Ms. Granados filed a discrimination charge with the Civil Rights Division of the Texas Workforce Commission charging the City with sex discrimination and

retaliation as follows:

I.      On or about October 13, 2005, the City of El Paso formally terminated my employment as an Assistant Route Foreman (garbage truck driver). At the time, I was the only female driver in the entire department. I was also subjected to an abusive and hostile work environment because of my sex (female), and the abuse increased after I reported and objected to such discriminatory treatment.

II.      No reasonable explanation has been given for Respondent's actions.

III.      I believe that I have been discriminated against, in the manner described above, because of my sex (female) and in retaliation for my having opposed discrimination or engaging in protected activity, in violation of the Civil Rights Act of 1964, as amended.

The Texas Workforce Commission subsequently issued its "Notice of Right to file Suit" and Ms. Granados filed her original petition on February 2, 2007. The petition alleged that the City had discriminated against Ms. Granados based on her sex by utilizing her sex as a motivating factor in the City's decision to terminate her employment. Ms. Granados also alleged that she was subjected to an abusive and hostile work environment, and was ultimately terminated in retaliation for having complained of discrimination to her employer. The City answered with a general denial and plea to the jurisdiction. In its plea, the City alleged that the trial court lacked subject matter jurisdiction over the case because Ms. Granados had failed to timely exhaust her administrative remedies as she did not file an administrative discrimination charge within 180 days of her termination as required by statute.

On May 6, 2008, the City filed a motion for summary judgment, including a plea to the jurisdiction, in which it again argued Ms. Granados's discrimination and retaliation claims were time barred due to her failure to file her TCHR claim within 180 days after the alleged unlawful employment practice in order to later maintain a lawsuit under the Texas Commission on Human

Rights Act. The City contended that the time limit began to run on February 9, 2005, the day Ms. Granados received the Notice of Separation from the City. Therefore, the City concluded, Ms. Granados's November 4, 2005, complain filed with the TCHR was untimely, as it occurred 268 days after the date of her termination. In her response, Mr. Granados argued that the 180-day time limitation did not begin to run until October 13, 2005, when the Civil Service Commission sustained the City's decision to terminate her employment, and the City's adverse employment was therefore finalized. Accordingly, Ms. Granados argued the 180-day time limit did not begin to run until October 13, 2005, and her discrimination charge was timely filed.

The trial court held two hearings on the issue during which it heard extensive argument regarding the finality of the termination. At the close of the second hearing, held on November 3, 2008, the court ruled in Ms. Granados's favor and denied the City's motion. The City timely filed a notice of interlocutory appeal pursuant to Texas Civil Practice and Remedies Code Section 51.014(a)(8).

The City raises two issues for our review. In Issue One, the City contends the trial court erred by denying its plea to the jurisdiction because Ms. Granados's failure to timely file an administrative complaint deprived the court of subject matter jurisdiction. In Issue Two, the City asserts the Civil Service Commission proceedings did not alter the 180-day jurisdictional time limit for filing an administrative complaint. As the outcome of Issue One is dependant on the disposition of Issue Two, we will address the issues together. In addition, as it is dispositive of the case, we will address each issue in light of the City's plea to the jurisdiction.

A plea to the jurisdiction contests the trial court's subject matter jurisdiction over a case. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject

-4-

matter jurisdiction is a question of law, which we review *de novo*. *City of El Paso v. Maddox*, 276 S.W.3d 66, 70 (Tex.App.--El Paso 2008, pet. denied). It is the plaintiff's burden to allege facts affirmatively demonstrating the trial court's jurisdiction. *Tex. Assoc. of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To determine whether the plaintiff has satisfied her burden, we must consider the allegations in the petition and accept them as true. *Maddox*, 276 S.W.3d at 70. The scope of our review is not limited solely to the pleadings, but may also include evidence when necessary to resolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 555.

Texas law requires that a complaint of unlawful employment discrimination be filed with the EEOC of the Texas Commission on Human Rights within 180 days after the alleged unlawful employment action occurs. *Cooper-Day v. RME Petroleum Co.*, 121 S.W.3d 78, 83 (Tex.App.-- Fort Worth 2003, pet. denied), *citing Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *see* TEX.LAB.CODE ANN. § 21.202(a)(West 2006). This limitations period is mandatory, and jurisdictional. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991). That is, failure to timely file an administrative complaint deprives Texas trial courts of subject matter jurisdiction over a subsequent claim against the employer. *See Cooper-Day*, 121 S.W.3d at 83.

The limitations period begins when the employee is informed of the allegedly discriminatory employment decision. TEX.LAB.CODE ANN. § 21.202(a); *see Del. State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980); *Specialty Retailers, Inc.*, 933 S.W.2d at 493. The date the allegedly discriminatory decision goes into effect, or the date on which the effect of such decision is realized by the employee, does not alter the

commencement of the 180-day period. *See Villarreal v. Williams*, 971 S.W.2d 622, 625 (Tex.App.--San Antonio 1998, no pet.), *citing Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 928-29 (Tex. 1996)(Applying the Worker's Compensation Act); *Specialty Retailers, Inc.*, 933 S.W.2d at 493 (Applying the TCHR.); *Cooper-Day*, 121 S.W.3d at 83, 85. As the United States Supreme Court explained in its interpretation of the equivalent provision in Title VII, "'the proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.'" *Ricks*, 449 U.S. at 258, 101 S.Ct. at 504.

Ms. Granados contends, as she did in the trial court, that the City's unlawful employment action, her termination, did not occur until Ms. Granados exhausted the Civil Service Commission appeals process. She argues that because the commission did not finally affirm the City's decision to terminate her employment until October 13, 2005, her administrative complaint was timely filed within 180 days. We disagree. There is no dispute that Ms. Granados received notice of the City's decision to terminate her employment on February 9, 2005. She stopped working for the City on that date. The fact that the Civil Service Commission appeals process may have reversed the City's allegedly discriminatory action, did not alter the date on which the act itself took place. Accordingly, the 180-day time period began on February 9, 2005, and Ms. Granados's administrative claim was not timely filed. *See* TEX.LAB.CODE ANN. § 21.202(a). Absent a timely filed administrative claim, the trial court lacked subject matter jurisdiction over the case. *See Cooper-Day*, 121 S.W.3d at 83. Issues One and Two are sustained, as they pertain to the City's plea to the jurisdiction.

Having sustained Appellant's issues, we reverse the trial court's order, grant the plea to the jurisdiction, and render judgment that the case is dismissed.

February 23, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Macias, Judge
Macias, Judge (Sitting by Assignment)