NUMBER 13-11-00091-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

TEXAS YOUTH
COMMISSION,

AN AGENCY OF THE
STATE OF TEXAS,                            Appellant,

 

v.

 

EDUARDO GARZA AND

JUAN HERNANDEZ,                                                               
 Appellees.

                                                                                                                     
  

 

On appeal from the County
Court at Law No. 6

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Rodriguez

 

Appellant Texas Youth Commission (TYC),
an Agency of the State of Texas, challenges the trial court's denial of its
plea to the jurisdiction in favor of appellees Eduardo Garza and Juan
Hernandez.  By two issues, TYC argues that the trial court erred in denying its
plea to the jurisdiction because:  (1) sovereign immunity, per the Texas Tort
Claims Act (TTCA), bars appellees' intentional torts claims, see Tex. Civ. Prac. & Rem. Code Ann. §
101.057(2) (West 2011); and (2) appellees failed to exhaust their
administrative remedies, as required by the Texas Commission on Human Rights
Act (CHRA), before filing their employment discrimination claim.  See Tex. Lab. Code Ann. § 21.202 (West 2006). 
We reverse and render.

I. 
Background

 

            According to their petition, appellees are
employees of TYC and serve as correctional officers at the Evins Regional
Juvenile Center in Edinburg, Texas.  Appellees allege that on November 25,
2008, they were ordered to submit to a strip search by their supervisors.  In
the presence of each other and the supervisors, each appellee was ordered to
remove the contents of his pockets, his shirt, his pants, and his underwear and
then ordered to "squat and cough."  The strip searches were recorded
by a video camera "installed in the storage room" where the searches
were conducted.  Garza heard one of the supervisors inform the other that
"if a TYC staff member such as [Garza] refused to be strip searched, then
said staff member would be walked off campus."  Appellees "feared
that if they did not comply with the [strip search] . . . , [they] would be
terminated."  Appellees claimed in their petition that TYC's sovereign
immunity "has been waived pursuant to the Texas Torts Claims Act" and
section 21.051 of the Texas Labor Code.

            On July 6, 2009, appellees sued TYC, alleging
claims for "intentional infliction of mental distress" and unlawful
employment practices and hostile work environment.  It is undisputed that
appellees filed no administrative discrimination complaint with either the
Equal Employment Opportunity Commission (EEOC) or the Texas Commission on Human
Rights (TCHR) prior to filing their lawsuit.  TYC filed a plea to the
jurisdiction, arguing that appellees' intentional infliction of emotional
distress claims were barred by sovereign immunity and that the trial court
lacked subject matter jurisdiction over appellees' employment discrimination
claims because appellees failed to exhaust their administrative remedies before
filing suit.  After a hearing, the trial court denied TYC's plea to the
jurisdiction.  This accelerated, interlocutory appeal followed.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (West 2008) (permitting the accelerated appeal of an interlocutory
order "grant[ing] or den[ying] a plea to the jurisdiction by a
governmental unit").

II. 
Standard of Review

 

            A plea to the jurisdiction is a dilatory
plea; its purpose is "to defeat a cause of action without regard to
whether the claims asserted have merit."  Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial
court's jurisdiction over the subject matter of a pleaded cause of action.  Tex.
Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex.
Parks & Wildlife Dep't v. Morris, 129 S.W.3d 804, 807 (Tex. App.—Corpus
Christi 2004, no pet.).  Subject matter jurisdiction is a question of law;
therefore, an appellate court reviews de novo a trial court's ruling on a plea
to the jurisdiction.  Miranda, 133 S.W.3d at 226; Morris, 129
S.W.3d at 807. 

When a trial court's decision concerning
a plea to the jurisdiction is based on the plaintiff's pleadings, we accept as
true all factual allegations in the pleadings to determine if the plaintiff has
met its burden to plead facts sufficient to confer jurisdiction on the court.  Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003); Morris,
129 S.W.3d at 807.  We examine the pleader's intent and construe the pleadings
in the plaintiff's favor.  County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002); Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867
(Tex. 2002) (per curiam).  A plea to the jurisdiction may be granted without
allowing the plaintiff to amend if the pleadings affirmatively negate the
existence of jurisdiction.  Brown, 80 S.W.3d at 555; Ramirez, 74
S.W.3d at 867.

III. 
Intentional Infliction of Emotional Distress:

Intentional
Torts and Sovereign Immunity under the TTCA

 

            By its first issue, TYC argues that it is
immune from appellees' intentional infliction of emotional distress claims
because the TTCA does not waive sovereign immunity for intentional torts.  As
such, TYC argues that the trial court erred in denying its plea to the
jurisdiction on this claim.  We agree.

            Because immunity from suit defeats a trial
court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional
plea.  Miranda, 133 S.W.3d at 225-26.  In a suit against the government,
the plaintiff must affirmatively demonstrate the court's jurisdiction by
alleging facts demonstrating a valid waiver of immunity.  Whitley, 104
S.W.3d at 542.  "State agencies are immune from liability in Texas unless
the Legislature has waived that immunity."  Kerrville State Hosp. v.
Fernandez, 28 S.W.3d 1, 3 (Tex. 2000).  Specifically, the TTCA waives the
State's immunity for negligence arising "from the operation or use of a
motor-driven vehicle" and personal injury "caused by a condition or
use of tangible person or real property."  Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)-(2) (West
2011).  The TTCA expressly retains the State's sovereign immunity for claims
"arising out of assault, battery, false imprisonment, or any other
intentional tort," including claims for intentional infliction of
emotional distress.  Id. § 101.057(2); see Nueces County v. Ferguson,
97 S.W.3d 205, 223 (Tex. App.—Corpus Christi 2002, no pet.) ("[T]he Texas
Tort Claims Act specifically preserves sovereign immunity as to intentional
torts . . . .  Thus sovereign immunity is not
waived for a claim of intentional infliction of emotional distress.").

            Here, the only tort alleged by appellees was
"intentional infliction of mental distress" caused by the
"intentional[] or knowing[] . . . psychological abuse" by TYC's
"agents" who performed the strip search.  Because TYC's sovereign
immunity is not waived for intentional torts, appellees failed to allege facts
demonstrating the trial court's jurisdiction over their intentional infliction
of emotional distress claims.  See Whitley, 104 S.W.3d at 542; see
also Ferguson, 97 S.W.3d at 223.  And because appellees' allegations
include no facts involving the use of a motor vehicle or tangible property or
negligence related to the condition of real property, their petition
affirmatively negates a waiver of TYC's immunity under the TTCA and thus
affirmatively negates the trial court's jurisdiction over any claim governed
thereby.  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(1)-(2); see also Brown, 80
S.W.3d at 555; Ramirez, 74 S.W.3d at 867.  We conclude that the trial
court erred in denying TYC's plea to the jurisdiction with regard to appellees'
intentional infliction of emotional distress claim.  See Fernandez,
28 S.W.3d at 3 (holding that the State is immune from liability unless immunity
is waived by statute).  TYC's first issue is sustained.

 

IV. 
Hostile Work Environment:  Administrative Exhaustion and 

Subject-Matter
Jurisdiction under the CHRA

 

            By its second issue, TYC argues that because
appellees failed to file a charge of discrimination with the EEOC or TCHR
within 180 days of the alleged discriminatory employment practice, the trial court
lacked subject matter jurisdiction over their hostile work environment claim. 
For this reason, TYC argues that the trial court erred in denying TYC's plea to
the jurisdiction on this claim.  Again, we agree.

            Courts are only to consider CHRA claims after
the plaintiff has exhausted its administrative remedies.  Specialty
Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996) (per
curiam); Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 485 (Tex.
1991).[1] 
To meet the exhaustion requirement, a plaintiff must file a charge of
discrimination with either the EEOC or the TCHR within 180 days of the alleged
discriminatory employment action.  See Tex.
Lab. Code Ann. § 21.202; see also Czerwinski v. Univ. of Tex.
Health Science Ctr., 116 S.W.3d 119, 121 (Tex. App.—Houston [14th Dist.]
2002, pet. denied) (citations omitted).  If the plaintiff fails to file with
the EEOC or TCHR in that time period, the trial court lacks subject matter
jurisdiction over its subsequent CHRA claim.  See Czerwinski, 116 S.W.3d
at 121-22 (citing Schroeder, 813 S.W.2d at 485-89).

It is undisputed in this case that
appellees failed to file a charge of discrimination with the EEOC or TCHR
within 180 days of the alleged discrimination.  As such, the pleadings affirmatively
negate the trial court's jurisdiction to hear appellees' CHRA claims, and the
court erred in denying TYC's plea to the jurisdiction on that basis.  We
sustain appellant's second issue.

V.  Conclusion

            We reverse the order of the trial court denying
TYC's plea to the jurisdiction and render judgment granting the plea and
dismissing appellees' claims with prejudice.

                                                                                    

                                                                                    NELDA
V. RODRIGUEZ

                                                                                    Justice

 

Delivered
and filed the 

21st
day of July, 2011.









[1]
We note that in In re United Services Automobile Association, the Texas
Supreme Court concluded that a different CHRA provision—prescribing a two-year
period for a complainant to file suit after initially making the complaint, see
Tex. Lab. Code Ann. § 22.256
(West 2006)—is "mandatory but not jurisdictional."  In re United
Servs. Auto. Ass'n, 307 S.W.3d 299, 310 (Tex. 2010) (overruling Schroeder
v. Tex. Iron Works, Inc., 813 S.W.2d 483 (Tex. 1991), to the extent it
involved section 22.256).  Thus, a plea to the jurisdiction based on section
22.256 would be improper.  See id.; see also Mission Consol. Indep.
Sch. Dist. v. Garcia, 314 S.W.3d 548, 559 (Tex. App.—Corpus Christi 2010,
pet. filed) (applying In re United Services to labor code section
21.254's requirement that a plaintiff file suit within sixty days of receiving
its right-to-sue letter and concluding that the plaintiff's failure to comply
with the sixty-day deadline did not deprive the trial court of jurisdiction). 
However, this reasoning has not been applied to section 22.201's administrative
exhaustion requirement, and numerous courts of appeals since In re United
Services have continued to hold that the failure to file a timely complaint
with the EEOC or TCHR deprives the trial court of subject matter jurisdiction. 
See City of El Paso v. Granados, 334 S.W.3d 407, 411 (Tex. App.—El Paso
2011, no pet.); see also Tex. S. Univ. v. Rodriguez, No. 14-10-01079-CV,
2011 WL 2150238, at *2 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.
h.) (mem. op.); Lamar Univ. v. Jordan, No. 09-10-00292-CV, 2011 WL
550089, at *2 (Tex. App.—Beaumont Feb. 17, 2011, no pet.) (mem. op.).  We agree
with our sister courts that jurisdiction is still implicated by the plaintiff's
compliance or non-compliance with section 21.201.