

## NUMBER 13-11-00091-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**TEXAS YOUTH COMMISSION,**
**AN AGENCY OF THE STATE OF TEXAS,**            **Appellant,**

**v.**

**EDUARDO GARZA AND**
**JUAN HERNANDEZ,**            **Appellees.**

---

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Texas Youth Commission (TYC), an Agency of the State of Texas,

challenges the trial court's denial of its plea to the jurisdiction in favor of appellees

Eduardo Garza and Juan Hernandez. By two issues, TYC argues that the trial court

erred in denying its plea to the jurisdiction because: (1) sovereign immunity, per the Texas Tort Claims Act (TTCA), bars appellees' intentional torts claims, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011); and (2) appellees failed to exhaust their administrative remedies, as required by the Texas Commission on Human Rights Act (CHRA), before filing their employment discrimination claim. *See* TEX. LAB. CODE ANN. § 21.202 (West 2006). We reverse and render.

## I. BACKGROUND

According to their petition, appellees are employees of TYC and serve as correctional officers at the Evins Regional Juvenile Center in Edinburg, Texas. Appellees allege that on November 25, 2008, they were ordered to submit to a strip search by their supervisors. In the presence of each other and the supervisors, each appellee was ordered to remove the contents of his pockets, his shirt, his pants, and his underwear and then ordered to "squat and cough." The strip searches were recorded by a video camera "installed in the storage room" where the searches were conducted. Garza heard one of the supervisors inform the other that "if a TYC staff member such as [Garza] refused to be strip searched, then said staff member would be walked off campus." Appellees "feared that if they did not comply with the [strip search] . . . , [they] would be terminated." Appellees claimed in their petition that TYC's sovereign immunity "has been waived pursuant to the Texas Torts Claims Act" and section 21.051 of the Texas Labor Code.

On July 6, 2009, appellees sued TYC, alleging claims for "intentional infliction of mental distress" and unlawful employment practices and hostile work environment. It is

2

undisputed that appellees filed no administrative discrimination complaint with either the Equal Employment Opportunity Commission (EEOC) or the Texas Commission on Human Rights (TCHR) prior to filing their lawsuit. TYC filed a plea to the jurisdiction, arguing that appellees' intentional infliction of emotional distress claims were barred by sovereign immunity and that the trial court lacked subject matter jurisdiction over appellees' employment discrimination claims because appellees failed to exhaust their administrative remedies before filing suit. After a hearing, the trial court denied TYC's plea to the jurisdiction. This accelerated, interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008) (permitting the accelerated appeal of an interlocutory order "grant[ing] or den[ying] a plea to the jurisdiction by a governmental unit").

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda,* 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

When a trial court's decision concerning a plea to the jurisdiction is based on the plaintiff's pleadings, we accept as true all factual allegations in the pleadings to determine

3

if the plaintiff has met its burden to plead facts sufficient to confer jurisdiction on the court. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Morris*, 129 S.W.3d at 807. We examine the pleader's intent and construe the pleadings in the plaintiff's favor. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam). A plea to the jurisdiction may be granted without allowing the plaintiff to amend if the pleadings affirmatively negate the existence of jurisdiction. *Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867.

### III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS: INTENTIONAL TORTS AND SOVEREIGN IMMUNITY UNDER THE TTCA

By its first issue, TYC argues that it is immune from appellees' intentional infliction of emotional distress claims because the TTCA does not waive sovereign immunity for intentional torts. As such, TYC argues that the trial court erred in denying its plea to the jurisdiction on this claim. We agree.

Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional plea. *Miranda*, 133 S.W.3d at 225-26. In a suit against the government, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging facts demonstrating a valid waiver of immunity. *Whitley*, 104 S.W.3d at 542. "State agencies are immune from liability in Texas unless the Legislature has waived that immunity." *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). Specifically, the TTCA waives the State's immunity for negligence arising "from the operation or use of a motor-driven vehicle" and personal injury "caused by a condition or use of tangible person or real property." TEX. CIV. PRAC. & REM. CODE ANN. §

4

101.021(1)-(2) (West 2011). The TTCA expressly retains the State's sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort," including claims for intentional infliction of emotional distress. *Id.* § 101.057(2); *see Nueces County v. Ferguson*, 97 S.W.3d 205, 223 (Tex. App.—Corpus Christi 2002, no pet.) ("[T]he Texas Tort Claims Act specifically preserves sovereign immunity as to intentional torts . . . . Thus sovereign immunity is not waived for a claim of intentional infliction of emotional distress.").

Here, the only tort alleged by appellees was "intentional infliction of mental distress" caused by the "intentional[] or knowing[] . . . psychological abuse" by TYC's "agents" who performed the strip search. Because TYC's sovereign immunity is not waived for intentional torts, appellees failed to allege facts demonstrating the trial court's jurisdiction over their intentional infliction of emotional distress claims. *See Whitley*, 104 S.W.3d at 542; *see also Ferguson*, 97 S.W.3d at 223. And because appellees' allegations include no facts involving the use of a motor vehicle or tangible property or negligence related to the condition of real property, their petition affirmatively negates a waiver of TYC's immunity under the TTCA and thus affirmatively negates the trial court's jurisdiction over any claim governed thereby. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)-(2); *see also Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867. We conclude that the trial court erred in denying TYC's plea to the jurisdiction with regard to appellees' intentional infliction of emotional distress claim. *See Fernandez*, 28 S.W.3d at 3 (holding that the State is immune from liability unless immunity is waived by statute). TYC's first issue is sustained.

5

## IV.  HOSTILE WORK ENVIRONMENT:  ADMINISTRATIVE EXHAUSTION AND SUBJECT-MATTER JURISDICTION UNDER THE CHRA

By its second issue, TYC argues that because appellees failed to file a charge of discrimination with the EEOC or TCHR within 180 days of the alleged discriminatory employment practice, the trial court lacked subject matter jurisdiction over their hostile work environment claim.  For this reason, TYC argues that the trial court erred in denying TYC's plea to the jurisdiction on this claim.  Again, we agree.

Courts are only to consider CHRA claims after the plaintiff has exhausted its administrative remedies.  *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991).[1]  To meet the exhaustion requirement, a plaintiff must file a charge of discrimination with either the EEOC or the TCHR within 180 days of the alleged discriminatory employment action.  *See* TEX. LAB. CODE ANN. § 21.202; *see also Czerwinski v. Univ. of Tex. Health Science Ctr.*, 116 S.W.3d 119, 121 (Tex.

---

[1] We note that in *In re United Services Automobile Association*, the Texas Supreme Court concluded that a different CHRA provision—prescribing a two-year period for a complainant to file suit after initially making the complaint, *see* TEX. LAB. CODE ANN. § 22.256 (West 2006)—is "mandatory but not jurisdictional."  *In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 310 (Tex. 2010) (overruling *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483 (Tex. 1991), to the extent it involved section 22.256).  Thus, a plea to the jurisdiction based on section 22.256 would be improper.  *See id.*; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 314 S.W.3d 548, 559 (Tex. App.—Corpus Christi 2010, pet. filed) (applying *In re United Services* to labor code section 21.254's requirement that a plaintiff file suit within sixty days of receiving its right-to-sue letter and concluding that the plaintiff's failure to comply with the sixty-day deadline did not deprive the trial court of jurisdiction).  However, this reasoning has not been applied to section 22.201's administrative exhaustion requirement, and numerous courts of appeals since *In re United Services* have continued to hold that the failure to file a timely complaint with the EEOC or TCHR deprives the trial court of subject matter jurisdiction.  *See City of El Paso v. Granados*, 334 S.W.3d 407, 411 (Tex. App.—El Paso 2011, no pet.); *see also Tex. S. Univ. v. Rodriguez*, No. 14-10-01079-CV, 2011 WL 2150238, at *2 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet. h.) (mem. op.); *Lamar Univ. v. Jordan*, No. 09-10-00292-CV, 2011 WL 550089, at *2 (Tex. App.—Beaumont Feb. 17, 2011, no pet.) (mem. op.).  We agree with our sister courts that jurisdiction is still implicated by the plaintiff's compliance or non-compliance with section 21.201.

App.—Houston [14th Dist.] 2002, pet. denied) (citations omitted). If the plaintiff fails to file with the EEOC or TCHR in that time period, the trial court lacks subject matter jurisdiction over its subsequent CHRA claim. *See Czerwinski*, 116 S.W.3d at 121-22 (citing *Schroeder*, 813 S.W.2d at 485-89).

It is undisputed in this case that appellees failed to file a charge of discrimination with the EEOC or TCHR within 180 days of the alleged discrimination. As such, the pleadings affirmatively negate the trial court's jurisdiction to hear appellees' CHRA claims, and the court erred in denying TYC's plea to the jurisdiction on that basis. We sustain appellant's second issue.

## V. CONCLUSION

We reverse the order of the trial court denying TYC's plea to the jurisdiction and render judgment granting the plea and dismissing appellees' claims with prejudice.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of July, 2011.

7